**EXHIBIT B**

**Preliminary Interim Order**

| | |
|---|---|
| COURT FILE NUMBER | 2001 - |
| COURT | COURT OF QUEEN'S BENCH OF ALBERTA |
| JUDICIAL CENTRE | CALGARY |
| MATTER | IN THE MATTER OF SECTION 192 OF THE CANADA BUSINESS CORPORATIONS ACT, R.S.C. 1985, C. C-44, AS AMENDED |
| | AND IN THE MATTER OF A PROPOSED ARRANGEMENT OF 12178711 CANADA INC., CALFRAC WELL SERVICES LTD., CALFRAC (CANADA) INC., CALFRAC WELL SERVICES CORP. and CALFRAC HOLDINGS LP, by its General Partner CALFRAC (CANADA) INC. |
| APPLICANTS | 12178711 CANADA INC., CALFRAC WELL SERVICES LTD., CALFRAC (CANADA) INC., CALFRAC WELL SERVICES CORP. and CALFRAC HOLDINGS LP, by its General Partner CALFRAC (CANADA) INC. |
| RESPONDENT | Not Applicable |
| DOCUMENT | **PRELIMINARY INTERIM ORDER** |
| ADDRESS FOR SERVICE AND CONTACT INFORMATION OF PARTY FILING THIS DOCUMENT | **BENNETT JONES LLP**<br>Barristers and Solicitors<br>4500, 855 – 2nd Street S.W.<br>Calgary, Alberta  T2P 4K7 |

Clerk's Stamp

Solicitor: Chris Simard / Kevin Zych / Michael Shakra
Telephone: 403-298-4485 / 416-777-5738 / 416-777-6236
Facsimile: 403-260-7024 / 416-862-6666 / 416-862-6666
Email: simardc@bennettjones.com/
zychk@bennettjones.com /
shakram@bennettjones.com

File Number: 044609-00111

**DATE ON WHICH ORDER WAS PRONOUNCED:**   July 13, 2020

**NAME OF JUDGE WHO MADE THIS ORDER:**   JUSTICE D. B. NIXON

**LOCATION OF HEARING:**   CALGARY, ALBERTA

WSLEGAL\044609\00111\25062550v5

- 2 -

**UPON** the Originating Application (the "**Application**") of 12178711 Canada Inc. ("**Calfrac Arrangeco**") Calfrac Well Services Ltd. ("**Calfrac**"), Calfrac (Canada) Inc. ("**CCI**"), Calfrac Well Services Corp. ("**CWSC**") and Calfrac Holdings LP ("**CHLP**"), by its general partner CCI. (collectively, the "**Calfrac Entities**" or the "**Applicants**") for a preliminary Interim Order (the "**Preliminary Interim Order**") pursuant to Section 192 of the *Canada Business Corporations Act*, R.S.C. 1985, c. C-44, as amended (the "**CBCA**") in connection with an arrangement (the "**Arrangement**") involving the Calfrac Entities;

**AND UPON** reading the Application and the affidavit of Ronald P. Mathison, Co-founder and Executive Chairman of Calfrac, sworn on July 13, 2020 (the "**Mathison Affidavit**");

**AND UPON HEARING** counsel for the Applicants, counsel for an *ad hoc* committee of Senior Unsecured Noteholders (the "**Ad Hoc Committee of Senior Unsecured Noteholders**"), and counsel for the Agent;

**FOR THE PURPOSES OF THIS ORDER:**

1. Capitalized terms used herein but not defined have the meanings set forth in Schedule A.

**IT IS HEREBY ORDERED AND DECLARED THAT:**

**Service**

2. Service of Notice of this Application in respect of the Preliminary Interim Order is hereby deemed to be good and sufficient and this Application is properly returnable today.

**Entities Subject to These Proceedings**

3. The Applicants are all entities subject to these proceedings, and are authorized to take all steps necessary or desirable to advance the Arrangement and the Recapitalization Transaction.

- 3 -

**Record Dates**

4.  Subject to further Order of this Court, provided that the date of any meeting of Senior Unsecured Noteholders to consider any Plan of Arrangement which may be proposed in these proceedings occurs on or before 60 days from the date of this Order, the record date (the "**Senior Unsecured Noteholder Record Date**") for determination of the Senior Unsecured Noteholders entitled to notice of, and to vote at, such meeting, shall be 5:00 p.m. (Calgary time) on July 13, 2020.

5.  Subject to further Order of this Court, provided that the date of any meeting of Common Shareholders to consider any Plan of Arrangement which may be proposed in these proceedings occurs on or before 60 days from the date of this Order, the record date (the "**Shareholder Record Date**") for determination of the Common Shareholders entitled to notice of, and to vote at, such meeting, shall be 5:00 p.m. (Calgary time) on July 13, 2020.

6.  The requirement to provide notice of the Senior Unsecured Noteholder Record Date or the Common Shareholder Record Date (collectively, the "**Record Dates**") by way of newspaper advertisement pursuant subsection 133(4)(a) of the ABCA and/or subsection 134(3)(a) of the CBCA (collectively, the "**Record Date Notice Provisions**") is waived and the Applicants shall be deemed to have complied with the Record Date Notice Provisions by complying with all other applicable notice requirements in respect of the Record Dates pursuant to the ABCA, the CBCA or otherwise.

**Stay of Proceedings**

7.  From 12:01 a.m. (Calgary time) on the date of this Preliminary Interim Order and until further order of the Court (the "**Stay Period**"), no right, remedy or proceeding, including, without limitation, any right to terminate, demand, accelerate, set off, amend, declare in default or take any other action under or in connection with any loan, note, commitment, contract or other agreement, at law or under contract, may be exercised, commenced or proceeded with by: (i) the Second Lien Noteholders; (ii) the Senior Unsecured Noteholders; (iii) any administrative agent, collateral agent, sub-agent, indenture trustee or similar person in respect of or in connection with amounts

- 4 -

owing to the Second Lien Noteholders or the Senior Unsecured Noteholders; or (iv) any person (other than HSBC in its capacity as Agent under, and the lenders party to, the Credit Agreement, who are expressly not subject to the stay of proceedings herein) that is party to or a beneficiary of any other loan, note, commitment, contract or other agreement with one or more of the Calfrac Entities, against or in respect of any of the Calfrac Entities, or any of the present or future property, assets, rights or undertakings of any of the Calfrac Entities, of any nature in any location, whether held directly or indirectly by any of the Calfrac Entities, by reason or as a result of:

(a) the Applicants having made an application to this Court pursuant to Section 192 of the CBCA;

(b) any of the Calfrac Entities being a party to or involved in these proceedings or the Arrangement;

(c) any of the Calfrac Entities taking any step contemplated by or related to these proceedings or the Arrangement, including but not limited to the commencement or prosecution of any foreign proceedings for the recognition of these proceedings or the Arrangement;

(d) the non-payment of principal, interest and any other amounts due and payable in respect of any of the Senior Unsecured Notes or any related documents, or the expiry of any applicable grace periods thereunder; or

(e) any default or cross-default under or in connection with any of the Second Lien Notes, the Senior Unsecured Notes or any related documents,

in each case except with the prior consent of the Applicants or leave of this Court.

8. To the extent that any limitation or cure period under, in respect of or in connection with the Second Lien Notes, the Senior Unsecured Notes or any related documents (a "**Limitation or Cure Period**") expires on or after the date of this Preliminary Interim Order (the "**Effective Date**"), such limitation or cure period shall be tolled and extended for the duration of the Stay Period, such that it ceases to continue running and shall be deemed not

to have expired during the period between the Effective Date and the termination of the Stay Period.

**Notice of Proceedings**

9.  Subject to further order of this Court, the only persons entitled to notice of and to appear and be heard at subsequent motions within these proceedings shall be:

    (a)  the Calfrac Entities and their counsel;

    (b)  counsel to the Agent, the Second Lien Note Trustee, the Senior Unsecured Note Trustee or any of the Second Lien Noteholders or Senior Unsecured Noteholders;

    (c)  counsel to the Ad Hoc Committee of Senior Unsecured Noteholders;

    (d)  the CBCA Director; and

    (e)  any other interested person who has served a Notice of Appearance in accordance with this Preliminary Interim Order.

10. Any Notice of Appearance served in these proceedings shall be served on the counsel for the Calfrac Entities as soon as reasonably practicable at the following address:

    Bennett Jones LLP
    4500 Bankers Hall East
    855 2 Street SW
    Calgary, AB T2P 4K7

    Solicitor:   Kevin Zych / Chris Simard
    Telephone:   416-777-5738 / 403-298-4485
    Facsimile:   416-862-6666 / 403-265-7219
    Email:       zychk@bennettjones.com / simardc@bennettjones.com

**Comeback Hearing**

11. Any interested party that wishes to amend or vary this Preliminary Interim Order shall be entitled bring an application before this Court on seven business days' notice to the

- 6 -

Calfrac Entities and any other party or parties likely to be affected by the order to be sought by such interested party.

**Notices and Distribution**

12. The Applicants are at liberty to serve or distribute this Preliminary Interim Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery, facsimile transmission or, electronic mail or e-mail, to interested parties at their respective addresses, electronic mail or email addresses as last shown on the records of the Calfrac Entities and that any such service or distribution by courier, personal delivery, facsimile, electronic mail or e-mail transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

13. Service or distribution in accordance with this Preliminary Interim Order shall be deemed to be in satisfaction of a legal or judicial obligation, and notice requirements within the meaning of clause 3(c) of the *Electronic Commerce Protection Regulations*, Reg. 8100-2-175 (SOR/DORS).

**Foreign Proceeding**

14. A senior officer of the Applicants is hereby authorized, as necessary, to act as the representative or foreign representative (the "**Foreign Representative**") of the Applicants in connection with these proceedings and with carrying out the terms of this Preliminary Interim Order for, among other things, the purpose of having these proceedings recognized or approved in any other jurisdiction whether in or outside of Canada, as necessary.

15. The Foreign Representative is hereby authorized to apply for foreign recognition and approval of these proceedings, as necessary, in any jurisdiction outside of Canada, including in the United States pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.

- 7 -

**Extra-Territorial Assistance**

16. This Preliminary Interim Order shall have full force and effect in all other Provinces and Territories of Canada and shall be enforced in the courts of each of the Provinces and Territories of Canada in the same manner in all respects as if this Preliminary Interim Order had been made by the Court enforcing it.

17. This Court requests the aid and recognition of any court or any judicial, regulatory or administrative body in any province in Canada and any judicial, regulatory or administrative tribunal or body or other court constituted pursuant to the Parliament of Canada, the legislature of any province and any court or any judicial, regulatory or administrative body of the United States, any state thereof or any other country in the aid of and to assist this Court in carrying out the terms of this Preliminary Interim Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Applicants as may be necessary or desirable to give effect to this Preliminary Interim Order or to assist the Calfrac Entities and their respective agents in carrying out the terms of this Preliminary Interim Order.

_____
Justice of the Court of Queen's
Bench of Alberta

- 8 -

## Schedule A
## Defined Terms

"**ABCA**" means the *Business Corporations Act*, R.S.A. 2000, c. B-9, as amended;

"**Agent**" means HSBC, in its capacity as Lead Arranger, Sole Bookrunner and Administration Agent under the Credit Agreement;

"**Common Shareholders**" means the holders of common shares of Calfrac, in such capacity;

"**Credit Agreement**" means the Amended and Restated Credit Agreement dated April 30, 2019 between Calfrac, as borrower, HSBC Bank Canada ("**HSBC**") and each of the other financial institutions party thereto, as lenders, and HSBC, as Agent (as amended, restated or supplemented from time to time);

"**Recapitalization Transaction**" means the proposed recapitalization transaction to be carried out by the Calfrac Entities, as described in paragraph 24 of the Mathison Affidavit;

"**Second Lien Note Indenture**" the indenture dated February 14, 2020 among Calfrac Holdings LP, as issuer of the Second Lien Notes, Calfrac and Calfrac Well Services Corp., as initial guarantors, and Wilmington Trust, National Association, as trustee;

"**Second Lien Note Trustee**" means Wilmington Trust, National Association, in its capacity as trustee and collateral agent pursuant to the Second Lien Note Indenture;

"**Second Lien Noteholders**" means a holder or holders of the Second Lien Notes, in their capacity as such;

"**Second Lien Notes**" means the 10.875% second lien secured notes of Calfrac Holdings LP in the maximum aggregate amount of USD$120,000,100 due 2026 and issued and outstanding pursuant to the Second Lien Note Indenture;

"**Senior Unsecured Note Indenture**" means the indenture dated May 30, 2018 among Calfrac Holdings LP, as issuer of the Senior Unsecured Notes, Calfrac and Calfrac Well Services Corp.,

- 9 -

as initial guarantors, and Wells Fargo Bank, National Association, as the Senior Unsecured Note Trustee;

"**Senior Unsecured Note Trustee**" means Wells Fargo Bank, National Association, in its capacity as trustee under the Senior Unsecured Note Indenture;

"**Senior Unsecured Noteholders**" means a holder or holders of the Senior Unsecured Notes; and

"**Senior Unsecured Notes**" means the 8.50% senior unsecured notes of Calfrac Holdings LP in the maximum aggregate amount of USD$650,000,000 due 2026 and issued and outstanding pursuant to the Senior Unsecured Note Indenture.

[**The Remainder of the Page is Intentionally Blank**]