UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 20-33529 (DRJ) |
| Calfrac Well Services Corp., *et al.*,[1] | ) ) ) | Chapter 15 |
| Debtors in a Foreign Proceeding. | ) ) ) | (Jointly Administered) |

**EMERGENCY MOTION OF WILKS BROTHERS, LLC AND ITS AFFILIATED
FUNDS FOR ENTRY OF AN ORDER AUTHORIZING THEM TO FILE CERTAIN
CONFIDENTIAL INFORMATION RELATED TO THEIR OBJECTION TO PETITION
FOR RECOGNITION AND CHAPTER 15 RELIEF UNDER SEAL**

**[DOCKET NO. 28]**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. A HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 25, 2020, AT 10:00 A.M. (CT) BEFORE DAVID R. JONES IN COURTROOM 400, 515 RUSK STREET, HOUSTON, TX, 77002. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **RELIEF IS REQUESTED NOT LATER THAN AUGUST 25, 2020.**

Wilks Brothers, LLC and its affiliated funds ("Wilks"), files this *Emergency Motion of*

*Wilks Brothers, LLC and its Affiliates for Entry of an Order Authorizing Them to File Certain*

---

[1] The Chapter 15 Debtors, along with the last four digits of each U.S. Debtor's federal tax identification number, where applicable, are as follows: Calfrac Well Services Corp. ("CWSC") (1738), 12178711 Canada Inc. ("Arrangeco"), Calfrac Well Services Ltd. ("Calfrac") (3605), Calfrac (Canada) Inc. ("CCI"), and Calfrac Holdings LP ("CHLP") (0236).

113124637.v2

*Confidential Information Related to Their Objection to Petition for Recognition and Chapter 15 Relief Under Seal* (the Motion") and in support thereof respectfully states the following:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9037-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

4. On July 13, 2020, the Calfrac Entities obtained ex parte entry of a *Preliminary Interim Order* (the "**Preliminary Interim Order**") from the Court of Queen's Bench of Alberta, Canada (the "**Canadian Court**") in the context of advising the Canadian Court that they were developing a proposed plan of arrangement (the "**Proposed Arrangement**") under the Canada Business Corporations Act, RSC 1985, c. C-44, as amended (the "**CBCA**"). The Preliminary Interim Order, inter alia, authorized a foreign representative of the Calfrac Entities to apply for foreign recognition and approval in connection with the proceedings and to carry out the terms of the Preliminary Interim Order, including in the United States pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").

5. The Debtors commenced these Chapter 15 cases (the "Chapter 15 Cases") on July 13, 2020 (the "Petition Date") and filed a Verified Petition for Recognition and Chapter 15 Relief, (the

2

"**Petition**") [Docket No. 3], seeking: (i) recognition of the CBCA proceeding (the "**Canadian Proceeding**") as a foreign main proceeding or, alternatively, as a foreign non-main proceeding (as such terms are defined in the Bankruptcy Code) and (ii) granting relief under Chapter 15. Following a hearing on July 14, 2020 (the "**Initial Hearing**"), this Court entered its Order Granting Emergency Provisional Relief [Docket No. 23] (the "**Emergency Order**"), granting provisional relief pursuant to section 1519 of the Bankruptcy Code, and scheduling an August 25, 2020 hearing to consider recognition of the Canadian Proceeding. Wilks, as the holder of a majority of the Second Lien Notes issued by CHLP and guaranteed by Calfrac and CWSC, objects to recognition and to certain relief sought by the Debtors.

## Emergency Relief Requested

6. In connection with their objection, Wilks conducted discovery which has led to the production of documents and information that the Debtors have designated as confidential commercial information. By this Motion, Wilks seeks entry of an order (the "**Order**"), substantially in the form attached hereto, (i) authorizing them to redact and file under seal certain confidential information related to their objection to petition for recognition and Chapter 15 relief,[2] and (ii) granting related relief. Emergency Relief is requested in order for Wilks to timely file their objection and in light of the August 25, 2020 hearing.

## Basis for Relief

7. Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

---

[2] A redacted version of these documents has been filed concurrently herewith at Docket No.75.

3

113124637.v2

>   (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

*Id.* Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Further, Bankruptcy Local Rule 9037-1 provides, in relevant part, that when it may be practicable to redact confidential information from a document, "(i) a redacted document should be filed, not under seal; and (ii) the unredacted document should simultaneously be filed, under seal."

9. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is required to protect such an entity on request of a party in interest.") (emphasis in original). Stated differently, section 107(b) of the Bankruptcy Code does not

require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *Certain Underwriters at Lloyds v. Future Asbestos Claim Representative (In re Kaiser Aluminum Corp.)*, 327 B.R. 554, 560 (D. Del. 2005). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See* I*n re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y 2003).

10. Confidential commercial information is information that, if disclosed, would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Wyndham Vacation Resorts, Inc. v. Faucett (In re Faucett)*, 438 B.R. 564, 567 (Bankr. W.D. Tex. 2010) (quoting Orion Pictures Corp., 21 F.3d at 27). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal 'documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

11. Some of the information contained in Wilk's objection and the Exhibits being offered in support of their objection have been obtained from the Debtors under a Nondisclosure Agreement agreed to among the parties on August 6, 2020, pending submission to and approval by this Court. Wilks is seeking to respect and preserve the confidentiality designations made by the Debtors while offering the Court this information in connection with its objection. Here, the Debtors have claimed that the information is their commercially sensitive information and should remain confidential. *See, e.g., In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) (sealing identity of key employees and vendors that would give an unfair advantage to movant's competitors). By designating the documents, the Debtors have represented that public disclosure of the information could potentially harm the Debtors in these chapter 15 cases.

12. Wilks recognizes and has been responsive to its disclosure obligations under the Bankruptcy Code, and has narrowly tailored the request set forth in this Motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code. Wilks believes the confidential information to be filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure. Courts, including this Court, have recently granted motions to seal an investment banker's confidential client names under similar circumstances. *See In re Vanguard Natural Resources, Inc. et al.*, Case No. 19-31786 (DRJ) (Bankr. S.D. Tex. June 5, 2019) *Amended Order Authorizing (I) Evercore Group L.L.C. to File under Seal Certain Confidential Information Related to Evercore's Retention Application and (II) Granting Related Relief* [Docket No. 449]; *In re Jones Energy, Inc. et al.*, Case No. 19-32112 (DRJ) (Bankr. S.D. Tex. May 15, 2019) *Order Authorizing Evercore Group L.L.C. to File Under Seal Certain Confidential Information Related to Evercore's Retention Application* [Docket No. 210]; *In re*

*Cloud Peak Energy Inc., et al.*, Case No. 19-11047 (KG) (Bankr. D. Del. June 12, 2019) *Order Authorizing the Debtors to File Under Seal Certain Confidential Information Related to Centerview Partners LLC's Retention Application* [Docket No. 264]; *In re CTI Foods, LLC, et al.*, Case No. 19-10497 (CSS) (Bankr. D. Del. Apr. 8, 2019) *Order Authorizing Certain Confidential Information to Be Filed Under Seal in Connection with the Applications to Retain the Debtors' Professionals* [Docket No. 148]; *In re Checkout Holding Corp., et al.*, Case No. 1812794 (KG) (Bankr. D. Del May 3, 2019) *Order Authorizing the Reorganized Debtors to File Under Seal Certain Confidential Information Related to Centerview's Retention Application* [Docket No. 377]; *In re PG&E Corp.*, Case No. 19-30088 (DM) (Bankr. N.D. Cal. Apr. 24, 2019) *Order Authorizing Centerview Partners LLC to File Certain Confidential Information Under Seal in Connection with the Applications of the Official Committee of Unsecured Creditors for Authority to Retain and Employ Centerview as Investment Banker* [Docket No. 1661]. As in these cases, because the confidential information discussed above falls within the scope of section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, and because the request is narrowly tailored to include only the most commercially sensitive information, the Court should grant Wilks' request.

113124637.v2

**Notice**

13. Notice of this Motion has been given to: (a) the U.S. Trustee; (b) counsel to the Debtors; and (c) all parties listed on the Debtors Master Service List. Due to the nature of the relief requested herein, Wilks believes this notice is appropriate.

WHEREFORE, Wilks the Committee respectfully requests that the Court enter the Order, substantially in the form attached hereto, granting the relief requested in this Motion and granting such other and further relief as appropriate under the circumstances.

Dated: August 11, 2020

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ Trey A. Monsour*
Trey A. Monsour (Texas Bar No.: 14277200)
2843 Rusk Street
Houston, TX 77003
Phone: (713) 927-7469
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (972) 991-0889; Fax: (972) 404-0516
E-mail: tmonsour@foxrothschild.com

and

Daniel A. Fliman (admitted *pro hac vice*)
Harold A. Olsen (admitted *pro hac vice*)
Patrick N. Petrocelli (admitted *pro hac vice*)
**Stroock & Stroock & Lavan LLP**
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5601; Fax: (212) 806-6006
E-mail: dfliman@stroock.com
E-mail: holsen@stroock.com
E-mail: ppetrocelli@stroock.com

*Counsel to Wilks Brothers, LLC and its affiliated funds.*

8

113124637.v2