## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 15 |
| Calfrac Well Services Corp., *et al.*[1] | Case No. 20-33529 (DRJ) |
| Debtors in a Foreign Proceeding | Jointly Administered |

## STIPULATED CONFIDENTIALITY
## AGREEMENT AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order ("**Order**") is entered into by and among:  (a) the above-captioned debtors (collectively, the "**Chapter 15 Debtors**"); (b) the Wilks Brothers, LLC and its Affiliated Funds ("**Wilks Brothers**"); and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto (a "**Declaration**").  Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "**Party**," and, collectively, as the "**Parties**."

### Recitals

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to investigations, contested matters, adversary proceedings, and other disputes (each a "**Dispute**" and, collectively, the "**Disputes**") arising out of or relating to the Debtors' filing of petitions under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") in this Court (the cases commenced by such petitions, the "**Chapter 15 Cases**");

---

[1]     The Chapter 15 Debtors, along with the last four digits of each U.S. Debtor's federal tax identification number, where applicable, are as follows: Calfrac Well Services Corp. ("**CWSC**") (1738), 12178711 Canada Inc. ("**Arrangeco**"), Calfrac Well Services Ltd. ("**Calfrac**") (3605), Calfrac (Canada) Inc. ("**CCI**"), and Calfrac Holdings LP ("**CHLP**") (0236).

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, depositions, and other discovery requests (collectively, "**Discovery Requests**") as provided by the Federal Rules of Civil Procedures (the "**Federal Rules**"), the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the parties hereto that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 15 Cases;

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1.      The Parties hereby submit this Order to the Court for approval.  The Parties shall abide by and be bound by the terms of this Order.

2.      Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

### Scope of Order

3.      This Order applies to all information, documents and things exchanged in, or subject to, discovery or provided in response to a diligence request, either by a Party or a non-Party (each a "**Producing Party**") to any other Party or non-Party (each a "**Receiving Party**"), formally or informally, in response to or in connection with any Discovery Requests or diligence

requests, including without limitation deposition testimony, interviews, documents, data, and other information (collectively, "**Discovery Material**").

4.      This Order applies to all non-Parties that are served with subpoenas, that produce or receive documents, or that notice or are noticed for depositions with respect to the Chapter 15 Cases, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations herein upon signing a Declaration in the form provided as Exhibit A and agreeing to be bound by the terms of this Order.

5.      Any Party or its counsel serving upon a non-Party a subpoena which requires the production of documents or testimony shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that he, she or it may designate documents or testimony in the Chapter 15 Cases according to the provisions herein.  In the event a non-Party has already been served with a subpoena or other discovery request at the time this Order is entered by the Court, the serving Party or its counsel shall provide the service and notice of this Order required by the preceding sentence as soon as reasonably practicable after entry of this Order.

## Designating Discovery Material

6.      Any Producing Party may designate Discovery Material as "**Confidential Material**" or "**Attorneys'-Eyes Only**" or "**Unrelated Attorneys'-Eyes Only**" (any such Discovery Material, "**Designated Material**") in accordance with the following provisions:

(a)      Confidential Material:  A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or contains nonpublic, proprietary, commercially sensitive, or confidential technical, business, financial, personal or other information of a nature that can be protected under Federal Rule 26(c) or Bankruptcy Rules 7026 or 9018; or is subject by law or by contract to a legally protected right of privacy; or the Producing Party is under a preexisting obligation to a third-party to treat as confidential; or the Producing Party has in good faith bene requested by another Party or non-Party to designate on the grounds

that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party.

(b)     <u>Attorneys'-Eyes Only Material</u>:     A Producing Party may designate Discovery Material as "Attorneys'-Eyes Only" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 13 of this Order, which may include but is not limited to trade secrets; sensitive financial, commercial, market, competitive, or business information; or material prepared by its industry professionals, advisors, financial advisors, accounting advisors, experts or consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Chapter 15 Cases, and only to the extent that the Producing Party believes in good faith that such material is of a nature that "Attorneys'-Eyes Only" treatment is warranted.

(c)     <u>Unrelated Attorneys' Eyes-Only Material</u>:  A Producing Party may designate Discovery Material as "Unrelated Attorneys'-Eyes Only" if such Producing Party believes in good faith that such Discovery Material contains commercially sensitive or trade secret information unrelated to the issues in the Chapter 15 Cases of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 14 of this Order.

7.     <u>Manner of Designation</u>:  Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking every such page "Confidential" or "Attorneys'-Eyes Only" or "Unrelated Attorneys'-Eyes Only" as applicable.  Such markings should not obliterate or obscure the content of the material that is produced.  Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Attorneys'-Eyes Only" or "Unrelated Attorneys'-Eyes Only" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is "Confidential" or "Attorneys'-Eyes Only" or "Unrelated Attorneys'-Eyes Only"; provided that inclusion of the

words "Confidential" or "Attorneys'-Eyes Only" or "Unrelated Attorneys'-Eyes Only" in the file names of any native file documents shall be deemed to comply with this requirement.

8.    <u>Redaction</u>:  A Party may redact or withhold responsive documents or members of a document family if the document is subject to a legally-recognized claim of privilege (including, without limitation, the attorney-client privilege, the work-product doctrine, and the joint-defense privilege).  A Party may redact documents to the extent they contain personally-identifying information or protected health information, including but not limited to Social Security Numbers, tax identification numbers, birth dates, names of minors, personal telephone numbers or addresses, financial account numbers, health records, or health status.

9.    <u>Designation of Written Discovery Material</u>:  Where Designated Material is produced in the form of a written response in response to a request for written discovery (including, without limitation, written responses to interrogatories), the Producing Party may designate such material by imprinting "Confidential" or "Attorneys'-Eyes Only" or "Unrelated Attorneys'-Eyes Only" as applicable before the written response or marking each relevant page.  The designation of Discovery Material as "Confidential" or "Attorneys'-Eyes Only" or Unrelated Attorneys'-Eyes Only," regardless of the medium or format of such Designated Material or the method of designation as provided for herein, shall constitute a representation by the Producing Party that there is a good-faith basis for that designation.

10.    <u>Late Designation of Discovery Material</u>:  The failure to designate particular Discovery Material as "Confidential" or "Attorneys'-Eyes Only" or "Unrelated Attorneys'-Eyes Only" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("<u>**Misdesignated Material**</u>").  At such time, arrangement will be made for

the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material.  Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or otherwise made publicly available (other than in violation of this Order), no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

## Use and Disclosure of Confidential or Attorneys'-Eyes Only or Unrelated Attorneys'-Eyes Only Material

11.     General Limitations on Use and Disclosure of All Discovery Materials:  All Discovery Material, whether Designated Material or non-Designated Material, shall be used by the Receiving Parties solely for the purposes of the Chapter 15 Cases, and not for any other purpose, including any business, competitive, governmental, commercial, or administrative purpose or function.

12.     Confidential Material:  Confidential Material, and any and all information contained therein, may be given, shown, made available or communicated only to the following:

> (a)     the Parties (including their respective members, managers, partners, directors, officers, employees, counsel, and agents), in each case only as

necessary to assist with or make decisions with respect to the Chapter 15 Cases;

(b)     witnesses being questioned, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings or the resolution of the Disputes, provided that, to the extent the witness is not a custodian of one of the Chapter 15 Debtors, the witness has signed or agreed on the record to sign a Declaration in the form provided as Exhibit A hereto;

(c)     upon written notice to and with the consent of the Producing Party (which shall not be unreasonably withheld), any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto, including their respective managers, partners, directors, officers, and agents—in each case, only as necessary to assist with or make decisions with respect to the Chapter 15 Cases, and only after he/she has signed a Declaration in the form provided as Exhibit A hereto;

(d)     non-professional support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any natural person bound by this Order—in each case, only as necessary to assist such natural person with respect to the Chapter 15 Cases;

(e)     any other persons specified in Paragraph 13 below.

13.     Attorneys'-Eyes Only Material:  Attorneys'-Eyes Only Material, and any and all information contained therein, may be given, shown, made available, or communicated only to the following:

(a)     outside counsel, and staff working under the express direction of outside counsel, for (i) the Parties or (ii) upon written notice to and the consent of the Producing Party (which shall not be unreasonably withheld), any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto;

(b)     in-house counsel for the Parties, but only to the extent necessary to advise a Party in connection with the Chapter 15 Cases and for no other purpose;

(c)     professionals retained under 11 U.S.C. § 328, or other professionals, industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Chapter 15 Cases, in each case only as necessary to assist with or make decisions with respect to the Chapter 15 Cases;

(d)    any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(e)    court reporters, stenographers, or videographers who record testimony in connection with the Chapter 15 Cases;

(f)    the Court, its officers, and clerical staff in any judicial proceeding that may result from the Chapter 15 Cases;

(g)    witnesses being questioned, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings or the resolution of the Disputes, provided that, to the extent the witness is not a custodian of one of the Chapter 15 Debtors, the witness has signed or agreed on the record to sign a Declaration in the form provided as Exhibit A hereto;

(h)    non-professional support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any natural person bound by and allowed to see Attorneys'-Eyes Only Material under this Order—in each case, only as necessary to assist such natural person with respect to the Chapter 15 Cases;

(i)    outside photocopying, graphic production, or litigation support services, as necessary for use in connection with the Chapter 15 Cases; and

(j)    any other person or entity with respect to whom the Producing Party consents in writing.

14.    Unrelated Attorneys'-Eyes Only Material:  Unrelated Attorneys'-Eyes Only Material, and any and all information contained therein, may be given, shown, made available, or communicated only to the following:

(a)    outside counsel, and staff working under the express direction of outside counsel, for (i) the Parties or (ii) upon written notice to and the consent of the Producing Party (which shall not be unreasonably withheld), any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto;

(b)    professionals retained under 11 U.S.C. § 328, or other professionals, industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Chapter 15 Cases, in each case only as necessary to assist with or make decisions with respect to the Chapter 15 Cases;

(c)     any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)     court reporters, stenographers, or videographers who record testimony in connection with the Chapter 15 Cases;

(e)     the Court, its officers, and clerical staff in any judicial proceeding that may result from the Chapter 15 Cases;

(f)     witnesses being questioned, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings or the resolution of the Disputes, provided that, to the extent the witness is not a custodian of one of the Chapter 15 Debtors, the witness has signed or agreed on the record to sign a Declaration in the form provided as <u>Exhibit A</u> hereto;

(g)     non-professional support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any natural person bound by and allowed to see Unrelated Attorneys'-Eyes Only Material under this Order—in each case, only as necessary to assist such natural person with respect to the Chapter 15 Cases;

(h)     outside photocopying, graphic production, or litigation support services, as necessary for use in connection with the Chapter 15 Cases; and

(i)     any other person or entity with respect to whom the Producing Party may consent in writing.

15.     <u>Sealing of Designated Material Filed with or Submitted to the Court</u>:  Unless otherwise agreed by the Producing Party or ordered by a court of competent jurisdiction, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Designated Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules.

16.     <u>Use of Discovery Material in Open Court</u>:  Counsel for any Party or non-Party shall confer on such procedures as are necessary to protect the confidentiality of Confidential Material or Attorneys'-Eyes Only Material or Unrelated Attorneys'-Eyes Only Material used in the course

of any Court proceeding, and in the event counsel cannot agree on such procedures, the question shall be submitted to the Court.

## Depositions

17.     Deposition—Manner of Designation:  In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

(a)     Stating so orally on the record and requesting that the relevant portion(s) or entire transcript of testimony is so designated; or

(b)     Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) or entirety of such transcript or video of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of or the entire transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 21 below.  Until expiration of the aforesaid seven (7) or three (3) day period following receipt of the transcript by the Parties or non-Parties, unless otherwise agreed on the record at the deposition, (i) all portions of any deposition transcripts and videotapes relating to Discovery Material designated as Unrelated Attorneys'-Eyes Only shall be considered and treated as Unrelated Attorneys'-Eyes Only; and (ii) all other portions of any deposition transcripts and videotapes shall be considered and treated as Attorneys'-Eyes Only.

18.     Designated Material Used as Exhibits During Depositions:  Nothing in Paragraph 17 shall apply to or affect the confidentiality designations of Discovery Material entered as exhibits at depositions, which shall remain Confidential Material or Attorneys'-Eyes Only Material or Unrelated Attorneys'-Eyes Only Material.

19.     Witness Review of Deposition Testimony:  Nothing in Paragraphs 17 or 18 shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits.

20.     <u>Presence of Certain Persons During Designated Deposition Testimony</u>:   When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.

21.     <u>Responsibilities and Obligations of Court Reporters</u>:   In the event that testimony is designated as Confidential or Attorneys'-Eyes Only or Unrelated Attorneys'-Eyes Only, the court reporter shall be instructed to include on the cover page of each such transcript the legend:   "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each designated page of the transcript shall include the legend "Confidential" or "Attorneys'-Eyes Only" or "Unrelated Attorneys'-Eyes Only," as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Attorneys'-Eyes Only" or "Unrelated Attorneys'-Eyes Only," as appropriate, if any portion of the transcript itself is so designated.

## **GENERAL PROVISIONS**

22.     This Order is a procedural device intended to protect Discovery Materials designated as Confidential or Attorneys'-Eyes Only or Unrelated Attorneys'-Eyes Only.  Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

23.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further

11

protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

24.     <u>Unauthorized Disclosure of Designated Material</u>:  In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order, immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further review, dissemination, or use by the person or entity to whom the disclosure was made, and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further review, dissemination, or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25.     <u>Manner of Objecting to Designated Material</u>:  If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  If within five (5) business days after receipt of an objection in writing, the Producing Party does not agree to change the designation of the Designated Material, the Receiving Party may seek relief from the Court.  Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated by the Producing Party.  Upon a motion, the Court may order the removal of the "Confidential" or "Attorneys'-Eyes

Only" or "Unrelated Attorneys'-Eyes Only" designation from any Discovery Material so designated subject to the provisions of this Order. Notwithstanding the foregoing, circumstances may exist which require a party to seek Court authority to remove the "Confidential" or "Attorneys'-Eyes Only" or "Unrelated Attorneys'-Eyes Only" designation of Designated Material on a more expedited basis. In such a circumstance, the moving party will provide advance notice to the Producing Party.

26.     Timing of Objections to Designated Material:  A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Receiving Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Attorneys'-Eyes Only" or "Unrelated Attorneys'-Eyes Only" during the discovery period shall not be a waiver of that Receiving Party's right to object to the designation at an evidentiary hearing or trial.

27.     Inadvertent Production of Privileged Discovery Material:  Pursuant to Federal Rule of Evidence 502(d), and Federal Rule of Civil Procedure 26(b)(5)(B), made applicable hereto by Federal Rules of Bankruptcy Procedure 7026 and/or 9014, the disclosure of documents or information containing privileged information or information constituting attorney work product or otherwise protected from disclosure, whether inadvertent, unintentional, or otherwise, shall not constitute a waiver of the privilege or protection in these Chapter 15 Cases or any state or federal proceeding. This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B). Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information, or other information (including metadata), for relevance, responsiveness

and/or segregation of privileged and/or protected information before production.  Upon request from the Producing Party, the Receiving Party must destroy any document over which privilege or protection is asserted, all copies, and any information derived therefrom, regardless of whether the Receiving Party agrees with the assertion of privilege or protection.  The Receiving Party may move to compel production of a copy of the document should it challenge the designation of privilege or protection.

28.     <u>Use of Non-Confidential Material</u>:  To the extent that any Receiving Party has documents or information that (a) were already in its possession at the time the same document or information is received from a Producing Party and are not subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality obligation; (b) are received or become available to a Receiving Party on a non-confidential basis, not in violation of an obligation of confidentiality to any other person; (c) were independently developed by such Receiving Party without violating its obligations hereunder; or (d) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person (collectively "**<u>Non-Confidential Material</u>**"), nothing in this Order shall limit a Receiving Party's ability to use Non-Confidential Material in a deposition, hearing, trial or otherwise in connection with the Chapter 15 Cases, or otherwise.  Nothing in this Order shall affect the obligation of any Receiving Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to the Chapter 15 Cases.

29.     <u>Obligations Following Conclusion of the Chapter 15 Cases</u>:  Within 90 days of the resolution of the Chapter 15 Cases, including all appeals as to all Parties, unless otherwise agreed to by the Parties or ordered by a court, all Parties and non-Parties shall take all reasonable steps to

return to counsel for the respective Producing Party, or to destroy, all Designated Material, and all copies thereof in the possession of any person, except that counsel may retain for its records (a) a copy of the Designated Material, (b) their work product; (c) a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits, and expert reports; and (d) exhibits introduced at any hearing or trial.  A Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as consistent with the provisions in this Order.  If a Receiving Party chooses to take all reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party.  Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

30.    Continuing Applicability of Confidentiality Agreement and Stipulated Protective Order:  The provisions of this Order shall survive the final resolution of the Chapter 15 Cases for any retained Designated Material.  The final termination of the Chapter 15 Cases shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

31.    Amendment of Confidentiality Agreement and Stipulated Protective Order:  Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

32.    <u>Disclosure of Designated Material in Other Proceedings</u>:  Any Receiving Party that may be subject to a motion or other form of legal or regulatory process or demand seeking the disclosure of a Producing Party's Designated Material (a) shall notify the Producing Party within three (3) business days of receipt of such process or demand (unless such notice is prohibited by applicable law, rule, or regulation) and provide that Producing Party with an opportunity to appear and be heard on whether that information should be disclosed, and (b) in the absence of a court order preventing such disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

33.    <u>Use of Designated Material by Producing Party</u>:  Nothing in this Order affects the right of any Producing Party to use or disclose its own Designated Material in any way.

34.    <u>Obligations of Parties</u>:  Nothing herein shall relieve a Party of its obligations under the Federal Rules, the Bankruptcy Rules, the Federal Rules of Evidence, and the Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with the Chapter 15 Cases.

35.    <u>Advice of Counsel</u>:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Chapter 15 Cases and, in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

36.    <u>Material Non-Public Information</u>:  Any Receiving Party acknowledges that by receiving Designated Materials it may be receiving material non-public information about companies that issue securities and that the determination as to whether it has received material

non-public information shall be the sole responsibility of such receiving entity. For the avoidance of doubt, the Producing Party is under no obligation to designate or mark, or cause to be designated or marked, any Designated Material that may be determined to constitute material non-public information.

37.    <u>Entire Agreement</u>:  This Order constitutes the entire agreement among the Parties pertaining to the use and disclosure of Discovery Material in connection with the Chapter 15 Cases and supersedes prior agreements and understandings pertaining to that subject matter, it being understood that any restrictions, limitations, or protections concerning confidentiality or non-disclosure in a prior written agreement shall continue to be in full force and effect, notwithstanding the terms of this Order.

38.    <u>Enforcement</u>:  The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

39.    <u>Notice</u>:  When notice is permitted or required by the provisions hereof, such notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the corresponding addresses or email addresses indicated below, or to counsel of any non-Party receiving such notice.  Notice shall be delivered by first-class mail, Federal Express (or an equivalent delivery service), hand delivery, or email, and shall be effective upon receipt.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated:  August 12, 2020
      Houston, Texas

**LATHAM & WATKINS LLP**

/s/ Caroline A. Reckler

Caroline A. Reckler (IL 6275746)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: caroline.reckler@lw.com

-and-

Adam J. Goldberg (admitted *pro hac vice*)
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Fax: (212) 751-4864
Email: adam.goldberg@lw.com

-and-

**PORTER HEDGES LLP**

John F. Higgins (TX 09597500)
Eric M. English (TX 24062714)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Fax: (713) 226-6248
Email: jhiggins@porterhedges.com
      eenglish@porterhedges.com

*Co-Counsel to the Foreign Representative and the Debtors*

Dated:  August 12, 2020
        Dallas, Texas

**STROOCK & STROOCK & LAVAN LLP**

/s/ Trey A. Monsour

Daniel A. Fliman (admitted *pro hac vice*)
Harold A. Olsen (admitted *pro hac vice*)
Patrick N. Petrocelli (admitted *pro hac vice*)
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5601
Fax: (212) 806-6006
Email: dfliman@stroock.com
       holsen@stroock.com
       ppetrocelli@stroock.com

-and-

**FOX ROTHSCHILD LLP**

Trey A. Monsour
2843 Rusk Street
Houston, TX 77003
Telephone: (713) 927-7469

-and-

Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, TX 75240
Telephone: (972) 991-0889
Fax: (972) 404-0516
Email: tmonsour@foxrothschild.com

*Co-Counsel to the Wilks Brothers, LLC and its affiliated funds*

SO ORDERED.

Dated:    August __, 2020
          Houston, Texas

_____
HONORABLE DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

19

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

In re

Calfrac Well Services Corp., *et al.*[1]

Debtors in a Foreign Proceeding

Chapter 15

Case No. 20-33529 (DRJ)

Jointly Administered

## **Exhibit A**

JOINDER TO CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Reference is made to that certain Stipulated Confidentiality Agreement and Protective Order (the "**Protective Order**" dated as of [ ], 2020, by and between the above-captioned debtors (collectively, the "**Chapter 15 Debtors**"), certain of the Chapter 15 Debtors' creditors and other constituents as specified in the signature pages of this Protective Order, and any other persons or entities who become bound by this Order (collectively with the foregoing, each individually a "**Party**" and collectively the "**Parties**").  All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Protective Order.

The undersigned, [ ] (the "**Joinder Party**") is [] and hereby:

    (i)    acknowledges that it has received and reviewed a copy of the Protective Order, and agrees to be bound by the terms and conditions of the Protective Order;

    (ii)    acknowledges and agrees that the Joinder Party is entitled to receive Unrelated Attorneys'-Eyes Only and Attorneys'- Eyes Only Material and Confidential Material solely for the purposes of the Chapter 15 Cases; and further certifies that it will not use the Designated Material for any purpose other than in connection with the Chapter 15 Cases, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Protective Order to receive Designated Material; and

---

[1]    The Chapter 15 Debtors, along with the last four digits of each U.S. Debtor's federal tax identification number, where applicable, are as follows: Calfrac Well Services Corp. ("**CWSC**") (1738), 12178711 Canada Inc. ("**Arrangeco**"), Calfrac Well Services Ltd. ("**Calfrac**") (3605), Calfrac (Canada) Inc. ("**CCI**"), and Calfrac Holdings LP ("**CHLP**") (0236).

(iii)   acknowledges and agrees that by receiving Designated Material: (a) the Joinder Party may be receiving material non-public information about companies that issue securities; and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

The undersigned hereby submits to the jurisdiction of the Bankruptcy Court solely with respect to

the provisions of the Protective Order.

This Joinder and all obligations hereunder shall terminate in parallel with the Protective Order.


[JOINDER PARTY]

By:_____

Dated:_____

Name:

Title