

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/03/2020

| | |
|---|---|
| In re<br><br>Calfrac Well Services Corp., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 20-33529 (DRJ)<br><br>Jointly Administered |

**ORDER (I) GRANTING RECOGNITION AND ENFORCEMENT
OF CANADIAN ORDER AND (II) CLOSING CHAPTER 15 CASES**
(Docket No. 150)

Upon consideration of the *Motion for Entry of Order (i) Granting Recognition and Enforcement of Canadian Final Order and (ii) Closing Chapter 15 Cases* (the "**Motion**")[2] seeking (a) recognition and enforcement of the Canadian Final Order pursuant to § 1521 of the Bankruptcy Code; and (b) closing the Chapter 15 Cases pursuant to § 1517 of the Bankruptcy Code; and upon this Court's review and consideration of the Motion; and this Court having jurisdiction and authority to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and appropriate, sufficient, and timely notice of the filing of the Motion having been given by the Foreign Representative, pursuant to Rule 2002(q) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and it appearing that the relief requested in the Motion is necessary and beneficial to the Chapter 15 Debtors; and no

---

[1] The Chapter 15 Debtors, along with the last four digits of each U.S. Debtor's federal tax identification number, where applicable, are as follows: Calfrac Well Services Corp. ("**CWSC**") (1738), 12178711 Canada Inc. ("**Arrangeco**"), Calfrac Well Services Ltd. ("**Calfrac**") (3605), Calfrac (Canada) Inc. ("**CCI**"), and Calfrac Holdings LP ("**CHLP**") (0236).

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Motion.

1

objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follow:[3]

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

2. This Court may enter a final order consistent with Article III of the United States Constitution.

3. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to § 1521 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of granting that relief.

4. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Chapter 15 Debtors and the interests of their creditors and other parties in interest.

FOR ALL OF THE FOREGOING REASONS AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY

**ORDERED, ADJUDGED, AND DECREED**, that:

(A) The Motion is granted, and any objections thereto are overruled with prejudice.

(B) Upon entry of this Order, the Canadian Final Order and all transactions or actions in connection therewith shall be given full faith and credit in the United States pursuant to Bankruptcy Code § l521(a), and shall be immediately valid and fully enforceable as to the Chapter

---

[3] The findings and conclusions set forth herein and in the record of the hearing on the Motion constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

15 Debtors and their property and assets in the United States. The Chapter 15 Debtors are authorized to take any actions in the United States that are necessary or appropriate to implement the transactions or actions contemplated under the Canadian Final Order (including entering into any agreements or other documents which are to come into effect in connection with the Canadian Final Order).

(C) All parties are hereby permanently enjoined from asserting any debt, claim or interest affected by the Canadian Final Order and the Plan of Arrangement, except as expressly permitted by the Plan of Arrangement, the Canadian Final Order, and the agreements and documents related to the Plan of Arrangement, including (i) executing against any of the Chapter 15 Debtors' assets, (ii) commencing or continuing, including issuing or employing process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against the Chapter 15 Debtors, their property, or any direct or indirect transferee of or successor to any property of the Chapter 15 Debtors, or any property of such transferee or successor, or the seeking of any discovery related to any of the foregoing, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of the Chapter 15 Debtors' estates in the Canadian Proceeding, Canadian law or the implementation or consummation of the Canadian Final Order or the Plan of Arrangement; (iii) taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against the Debtors or any of their property or proceeds thereof, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of the Chapter 15 Debtors' estates in the Canadian Proceeding, Canadian law or the implementation or consummation of the Canadian Final Order or the Plan of Arrangement; (iv) transferring, relinquishing or disposing of

any property of the Debtors to any entity other than the Foreign Representative and his authorized representatives and agents or taking or continuing any act to obtain possession of, commingle, or exercise control over, such property, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of the Chapter 15 Debtors' estates in the Canadian Proceeding, Canadian law or the implementation or consummation of the Canadian Final Order or the Plan of Arrangement; or (v) commencing or continuing in any manner, directly or indirectly, an individual action or proceeding concerning the Chapter 15 Debtors' assets, rights, obligations or liabilities, or to resolve any dispute arising out of any provision of the Plan of Arrangement, or Canadian law relating to the Plan of Arrangement.

(D)  Except to the extent permitted by the Plan of Arrangement, the Canadian Final Order, or the agreements entered into in connection therewith, all persons and entities are enjoined from seizing, attaching, and enforcing or executing liens or judgments against the Chapter 15 Debtors' property in the United States or from transferring, encumbering, or otherwise disposing of or interfering with the Debtor's assets or agreements in the United States without the express consent of the Foreign Representative.

(E)  Except to the extent permitted by the Plan of Arrangement, the Canadian Final Order, or the agreements entered into in connection therewith, all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Chapter 15 Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien, or arbitration award against the Chapter 15 Debtors or their assets or proceeds thereof.

(F) As of the consummation of the Plan of Arrangement, any judgment, wherever and whenever obtained, to the extent such judgment is a determination of the liability of the Chapter 15 Debtors or any other person released under the Plan of Arrangement or the Canadian Final Order, with respect to any debt cancelled, discharged, or restructured under the Plan of Arrangement or the Canadian Final Order, or as a result of Canadian law relating to the Plan of Arrangement, is unenforceable in the United States, in each case, to the extent inconsistent with the Plan of Arrangement, the Canadian Final Order, or such Canadian law.

(G) The Foreign Representative's request to close these Chapter 15 Cases is approved and granted as set forth herein.

(H) The Chapter 15 Cases shall be deemed closed pursuant to sections 350 and 1517(d) of the Bankruptcy Code upon the date of consummation of the Plan of Arrangement. The Foreign Representative shall file and serve a notice upon the occurrence of such date (the "**Closure Notice**").

(I) Any orders heretofore entered by this Court in these Chapter 15 Cases shall survive the entry of this Order.

(J) Upon filing of the Closure Notice, the docket shall be marked as "Closed."

(K) The Chapter 15 Debtors and the Foreign Representative are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

(L) Notice of this Order shall be given in accordance with the procedures prescribed by the Court and served on: (a) the Office of the United States Trustee; (b) the Securities and Exchange Commission; (c) all parties to litigation currently pending in the United States in which any of the Chapter 15 Debtors is a party; (d) the First Lien Agent; (e) the Second Lien Note Trustee;

(f) the Unsecured Note Trustee; and (g) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Foreign Representative is aware.

(M)   Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Foreign Representative, the Chapter 15 Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

(N)   Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Foreign Representative is not subject to any stay of the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Foreign Representative is authorized and empowered, and may in its discretion without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

(O)   This Court shall retain jurisdiction with respect to the effect, enforcement, amendment, or modification of this Order, any request for additional relief or any adversary proceedings brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of the Court.

(P)   This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

**Signed:  December 01, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**